By the Court.—Sedgwick, J.
The learned judge was bound in directing a verdict for the defendants, to construe the evidence most favorably for the plaintiffs. It is apparent from Mr. Batching’s evidence, considered with the undisputed facts of the case, that on January 16, 1866, when the attachment was about to be served, he clearly asserted that there would be sufficient property to pay the defendants’ claim. The property on hand, was deemed, between the parties, and was so treated on the trial, as cash in pl’aintiffs’ hands. He further testifies, that in making his calculations, he deducted the drafts of which the plaintiffs had been advised. One of these was held by Leary, and was for one thousand five hundred dollars.
Beyond the burden of proving affirmatively the cause of action, there is here an admission, that if this one thousand five hundred dollar draft was not properly chargeable against the goods, which were pursued, by the attachment, there might have been seized property sufficient to satisfy the defendants’ claim, after de *38 ducting the mistake of one thousand dollars, which no doubt was made. The accounts in evidence, and the oral testimony, furnish facts enough to show that the admission was not erroneous, and almost sufficient of themselves to show that a levy might have been made, which would have secured the defendants. The accounts show that, aside from goods on hand, the proceeds of which had not been received, and correcting the mistake of one thousand dollars, there was a cash balance in favor of H. Blagge & Co. of four hundred and seventy dollars, on January 16, 1866. Mr. Kitching testifies there were on hand five bags of wool, which the accounts show to have been of the value of nine hundred and sixty-eight dollars and ten cents. Further the testimony shows that the steamer Leary, which had arrived January 13, had three bags of cotton and three bags of wool, which the accounts show to have been of the value of five hundred and thirty-eight dollars and eighty-eight cents. In addition, Mr. Kitching shows there were pecan-nuts of the value of sixty dollars, all these might have been seized under the attachment, if the defendants had pushed proceedings under the attachment in the manner they had adopted, but which they stopped in consequence of the statement of the plaintiffs’ agent.
We say here that no question has been made as to whether there was a technically correct service. These matters seem to have been waived from first to last On the argument of the appeal, a substantial point wat raised, that in fact the attachment was only against the individual property of H. Blagge. But as to the goods in question, and which were consigned to the plaintiffs, we think the pleadings prevent that question being raised.
Therefore, on the trial, if the judge was correct in finding that the one thousand five hundred dollars was *39 not properly to be charged upon the property on January 16,1874, it seems to me, that the case showed beyond doubt, that by relying on the erroneous statement oí' the plaintiffs, the defendants were prejudiced to an amount sufficient to satisfy their claim.
1 he questions we consider relate to the perfecting ■of t1 e lien of the attachment on January 16.
Leaving aside any inqinry as to whether Leary, was holder of the check for value, or whether there is any presumption that he would have been injured by the non-payment of the check on January 17, it seems olear to me, that whatever the personal obligations of the plaintiffs to Leary might have been on January 16, because they said the check was good, and could be paid, the fact was that that transaction did not lessen the fund of money and property, which the defendants would have had the opportunity and right to attach. There is no evidence that the defendants knew or acquiesced in the amount of the check being deducted.
On this ground, I am of opinion that the order denying the new trial should be affirmed.
There were other goods, consisting' of pecan-nuts and forty-six packages of merchandise on board the ■steamer Leary, which the defendants insist they might have seized if they had not relied on the plaintiffs’ statement. As these were not consigned to the plaintiffs, and were not under their control, the averments of the complaint do not make an admission of record, perhaps, that as to them the attachment bound the goods of H. Blagge & Co. As it was issued against the property of Pell individually, it is doubtful at least, whether seizing these goods under the attachment would have been a levy upon anything but Pell’s interest in them. As to the value of that interest, no proof was given, and no judgment could be formed, as to the extent of the detriment the defendants suffered *40 by not making the levy. I do not rest, therefore, the decision upon these facts.
The order should be affirmed, with costs.
Sedgwick, J., concurred.